IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **No. 1:18-CR-0190** |
| | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| | **:** | |
| **FERNANDO RODRIGUEZ-COLON** | **:** | **Judge Sylvia H. Rambo** |

**M E M O R A N D U M**

Presently before the court are Defendant Fernando Rodriguez-Colon's ("Defendant") motions to suppress evidence and statements resulting from an allegedly unlawful search warrant and to suppress statements made during an unlawful interrogation. (Docs 29, 31.) Specifically, Defendant argues that the search warrant was based on an affidavit of probable cause that contained material omissions of fact, in violation of the Fourth Amendment and that officers conducted an unlawful custodial interrogation after Defendant invoked his right to remain silent, in violation of the Fifth Amendment. For the reasons that follow, Defendant's motions will be denied.

I.     **Background**

On June 13, 2018, Defendant was charged via indictment with six offenses: (1) distributing heroin and cocaine base on January 5, 2018, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (2) distributing cocaine base on January 8, 2018, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (3) distributing and

possessing with intent to distribute heroin, cocaine base, and marijuana on February 5, 2018, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); (4) possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g); (5) possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A); and (6) possession of a stolen firearm in violation of 18 U.S.C. § 922(j). On September 7, 2018, Defendant filed the instant motion to suppress statements (Doc. 29,) and motion to suppress physical evidence and request for a *Franks* hearing (Doc. 31). The facts underlying the indictment and allegedly unlawful search and interrogation are as follows.

Both the search and the alleged interrogation stem from a search warrant obtained and executed on February 5, 2018. The warrant was obtained based on an affidavit of probable cause submitted by Officer Clayton Glatfelter. (Doc. 31-1.) In the affidavit, Officer Glatfelter averred that in January, 2018, he received information from a confidential informant that the confidential informant could purchase crack cocaine from a Spanish male, later identified as Defendant. Around the end of January, 2018, a second confidential informant ("CI2") contacted Defendant to purchase heroin. Officer Glatfelter met with CI2 and determined that CI2 had no contraband on his person prior to meeting with Defendant. CI2 then executed a purchase of heroin from Defendant at 810 Wallace Street, using recorded funds given to him by Officer Glatfelter and under

the supervision of Officer Glatfelter. The last controlled buy mentioned in the affidavit occurred between January 31, 2018, and February 2, 2018, under the supervision of a second officer and a detective. The drugs obtained at the most recent purchase by CI2 were not field tested per York Police Department policy but were identified based on Officer Glatfelter's experience and training.

Based upon these observations and investigations, Officer Glatfelter prepared an affidavit of probable cause, which he used to obtain a search warrant for 810 Wallace Street. (Doc. 31-1.) On February 5, 2018, Officer Glatfelter, along with other officers, executed the search warrant. While executing the search warrant, officers seized controlled substances, drug paraphernalia, firearms, money and other items. Upon seizing these items, officers placed Defendant under arrest and informed him of his *Miranda* rights. Officers subsequently escorted Defendant to a "satellite office" at which time Defendant asserted that he was invoking his right to remain silent. The officers transported Defendant to the central booking office, but booking officials refused to process Defendant because he stated that he needed medical attention. The officers waited with Defendant for approximately two hours until he could be seen by a doctor. While Defendant was waiting with the officers, they engaged in a conversation. During the conversation, Defendant revealed additional information relevant to the crimes with which he is

now charged.  Defendant was eventually given medical clearance and booked at the police station.

## II. <u>Legal Standard</u>

The Fourth Amendment guarantees that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."  U.S. Const. amend IV.  The issuing judge must "make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).  A court reviewing a determination of probable cause may look only to whether "the magistrate had a substantial basis for concluding that probable cause existed." *Id.*  When called upon to evaluate the supporting affidavit to a search warrant, a court must view it "in a common sense and nontechnical manner"—focusing "on what the affidavit includes, rather than on what it does not include." *United States v. Williams*, 124 F.3d 411, 420 (3d Cir. 1997) (citing *United States v. Conley*, 4 F.3d 1200, 1206, 1208 (3d Cir.1993)).

Because there is a general presumption that an affidavit of probable cause is valid, a defendant must make "a 'substantial preliminary showing' that the

affidavit contained a false statement, which was made knowingly or with reckless disregard for the truth, which is material to the finding of probable cause" in order to justify an evidentiary hearing on the validity of the affidavit. *United States v. Yusuf*, 461 F.3d 374, 383 (3d Cir. 2006) (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978)). Reckless disregard for the truth includes omissions where "an officer recklessly omits facts that any reasonable person would want to know . . . [or] has obvious reasons to doubt the truth of what he or she is asserting." *Id.* at 383 (quoting *Wilson v. Russo*, 212 F.3d 781, 783 (3d Cir. 2000)). The mere existence of such an omission is not dispositive, however. The court must insert the relevant facts and determine whether probable cause would have existed if the omission had not been made. *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000); *United States v. Frost*, 999 F.2d 737, 743 (3d Cir. 1993) ("a defendant must show . . . that there would have been no probable cause but for the incorrect statement."). If probable cause is then found lacking, a probable cause hearing, known as a "*Franks* hearing" will be held. *Franks*, 438 U.S. at 156.

## III. Discussion

### A. Probable cause to issue search warrant

Defendant argues that Officer Glatfelter recklessly omitted two material facts from the affidavit of probable cause and that without those facts, probable cause did not exist to justify the issuance of the warrant. Specifically, Defendant

5

alleges that Officer Glatfelter omitted: (1) whether controlled buy money was used for the confidential informant's purchase of heroin; and (2) whether Defendant was present at 810 Wallace during one of the sales.

In order to make a sufficient preliminary showing that the omitted facts precluded a finding of probable cause, the Defendant must demonstrate that those facts were material and must make an affirmative offer of proof contradicting the affidavit. *United States v. Heilman*, 377 F. App'x 157, 177 (3d Cir. 2010) (citing *Franks*, 438 U.S. at 171). Essentially, Defendant argues that the omissions cast doubt upon the reliability of the confidential informant, and therefore, Defendant is entitled to cross exam the confidential informant at a *Franks* hearing. Defendant's argument is unavailing, because speculation and generalized allegations about the reliability of confidential informants are insufficient to justify a *Franks* hearing or invalidate a finding of probable cause. *See United States v. Bazzano*, 712 F.2d 826, 839 (3d. Cir. 1983); *see also United States v. Pitts*, No. 13-cr-403, 2015 WL 619611, *13 (E.D. Pa. Feb. 12, 2015), *aff'd*, 655 F. App'x 78 (3d Cir. 2016) (denying motion for disclosure of confidential informant where "the relevancy of any possible testimony from the informant is speculative at best."); *McCray v. Illinois,* 386 U.S. 300, 305 (1967) (holding that the identity of an informant need not be disclosed where the informant provides information relevant only to the

question of probable cause for an arrest or search, and not the issue of a defendant's guilt or innocence).

As described in the affidavit, Officer Glatfelter observed CI2 enter 810 Wallace Street after searching CI2 for contraband. Officer Glatfelter noted in the affidavit that he had, on prior occasions, established that Defendant likely resided at 810 Wallace or used 810 Wallace as a venue to conduct sales of heroin or cocaine. CI2 entered 810 Wallace and emerged with heroin. Defendant does not make a showing that Officer Glatfelter omitted any material information that would have defeated a finding of probable cause, such as offering proof that he was not at 810 Wallace on the date of the alleged transaction. *See Yusuf*, 461 F.3d at 388 n.12 ("The omitted information is introduced into the affidavit in order to determine whether the omission was material."). Neither the fact that officers did not actually observe Defendant inside the residence at the time of the transaction nor the fact that controlled buy money was not used is a material omission satisfying the "substantial preliminary showing" required to justify a *Franks* hearing. *United States v. Darby*, No. 14-cr-123, 2015 WL 13344905, *4 (M.D. Pa. Aug. 19, 2015), *aff'd*, 684 F. App'x 219 (3d Cir. 2017) ("Omissions are made with reckless disregard for the truth if an officer withholds a fact in his ken that any reasonable person would have known that this was the kind of thing the judge would wish to know." (internal quotation omitted)).

Essentially, Defendant argues that CI2 was untrustworthy or unreliable because the officers didn't actually see the exchange take place. Holding that such an unsubstantiated allegation is sufficient to justify a *Franks* hearing would allow challenges to untold numbers of drug transactions involving a confidential informant. Because illegal sales of drugs are rarely conducted in well-lit, public locales, police often rely on confidential informants to perform buys in areas that police could not readily observe. Defendant's argument would require a *Franks* hearing any time a confidential informant had to duck down an alleyway to make a purchase. *Darby*, WL 13344905 at *3 ("Conclusory allegations of untruthfulness are insufficient to meet this burden.") (citing *United States v. Yokshan*, 431 Fed. App'x 170, 173 (3d Cir. 2011)). Accordingly, Defendant has failed to show that "there would have been no probable cause but for" the omissions noted in his motion. *United States v. Frost*, 999 F.2d 737, 743 (3d Cir.1993).

## B. Lawful custodial interrogation

Defendant argues that he was unlawfully interrogated in violation of the Fifth Amendment because he stated that he wished to invoke his right to remain silent, yet officers continued to engage Defendant in a conversation that eventually led to the discovery of additional evidence while he was awaiting medical treatment. Courts have often distinguished between mere conversation and active interrogation by police. The Supreme Court has defined "interrogation" by

officers as "not only [] express questioning, but also [] any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response." *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980). Conversely, oral statements made during mere casual conversations are admissible. *United States v. Johnson*, No. 08-cr-374, 2012 WL 1134036, *2 (W.D. Pa. Apr. 4, 2012); *United States v. Young*, No. 04-cr-716, 2005 WL 2789185, *3 (E.D. Pa. Oct. 25, 2005), *aff'd*, 233 F. App'x 114 (3d Cir. 2007) ("Where no interrogation takes place, Defendant's oral statements are admissible.") (citing *McGowan v. Miller*, 109 F.3d 1168, 1175-76 (7th Cir. 1997)). Defendant offers a paucity of detail regarding the conversation that led to the relevant statements; however, he does not allege any statements made or tactics used by police that would be "reasonably likely to elicit an incriminating response" aside from the fact that he was in the same room as police officers for two hours. Defendant does not assert any facts or argue that the two hour wait for medical attention was unreasonable or purposeful on behalf of the police. Defendant was entitled not to speak and to continue invoking his right to remain silent, but he declined to do so without any apparent prompting or action by police. Such unprompted conversations do not meet the definition of interrogation established in *Innis*. Accordingly, the police officers did not violate the Fifth Amendment by carrying on a conversation with Defendant.

## IV.   Conclusion

For the reasons set forth above, Defendant has failed to make a sufficient preliminary showing that the search warrant for 810 Wallace Street was invalid or unlawful under the Fourth Amendment's protection against unreasonable searches and seizures.  Defendant has also failed to allege any facts that would demonstrate that officers conducted an unlawful interrogation in violation of the Fifth Amendment.  Accordingly, Defendant's motions to suppress will be denied.  An appropriate order follows.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: January 3, 2019